Scott E. Kolassa (CA SBN 294732)
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100
skolassa@bclgpc.com

United States District Court
Central District of California

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIR TECHNOLOGIES LIMITED,<br><br>     Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>     Defendant. | Case No. 8:25-cv-2345<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Tir Technologies Limited ("Plaintiff" or "Tir") makes the following allegations against Defendant Meta Platforms, Inc. ("Defendant" or "Meta"):

## **INTRODUCTION**

1.      This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in processing devices and systems:  United States Patent Nos. 8,792,347 ("the '347 Patent"), 9,800,633 ("the '633 Patent"), and 10,484,442 ("the '442 Patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Tir Technologies Limited is a private company limited by shares organized and existing under the laws of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland. Tir is the sole owner by assignment of all rights, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

3. On information and belief, Defendant Meta Platforms, Inc. is a Delaware corporation, with a principal place of business at 1 Meta Way, Menlo Park, CA 94025. Meta may be served via its registered agent, Corporation Service Company, located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Meta in this action because Meta is a corporation that maintains its principal place of business in the State of California and thus is a resident of California. On information and belief, Meta maintains offices and directs business activities from offices within the state of California, including offices in Orange County and Los Angeles County within this judicial district. Meta has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Meta would not offend traditional notions of fair play and substantial justice. Meta, directly and through subsidiaries or intermediaries, has committed acts of infringement in this District and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling products and/or services that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Meta has committed acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products and/or services that infringe the Asserted Patents. Meta maintains offices and directs business activities from offices within the state of California, including offices in Orange County and Los Angeles County within this judicial district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,792,347

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,792,347, titled "Real-time network monitoring and subscriber identification with an on-demand appliance." The '347 Patent was duly and legally issued by the United States Patent and Trademark Office on July 29, 2014. The '347 Patent is valid and enforceable. A true and correct copy of the '347 Patent is attached hereto as Exhibit 1.

9. Upon information and belief, Defendant has directly infringed and continues to directly infringe under 35 U.S.C. §§ 271 (a), literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 8,792,347, including at least claim 1, by performing each step of the claimed method and/or by directing or controlling the performance of such steps by third parties. Defendant offers, provides, maintains, operates, and administers selective traffic monitoring services, including without limitation through Facebook, in a service provider network that performs the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the

United States the Accused Products and Services, Defendant has injured Plaintiff and is liable for infringement of the '347 Patent pursuant to 35 U.S.C. § 271(a).

10. The Accused Products and Services satisfy all claim limitations of one or more claims of the '347 Patent. A claim chart comparing exemplary independent claim 1 of the '347 Patent to representative Accused Products and Services is attached as Exhibit 2.

11. Defendant knowingly and intentionally induced infringement, and continues to do so, of one or more claims of the '347 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '347 Patent and intent that such infringement occur. At least as of the filing and service of this Complaint, Defendant has knowledge of the '347 Patent and the infringing nature of the Accused Products and Services through, for example, the '347 Patent claim charts served herewith. At present, Plaintiff does not allege that Defendant induced infringement of the '347 Patent in violation of 35 U.S.C. § 271(b) prior to the filing and service of this Complaint.

12. Despite this knowledge of the '347 Patent, Defendant continues actively encouraging and instructing its customers and end users (for example, through online instruction materials on its website and materials cited in Exhibit 2) to use the Accused Products and Services in ways that directly infringe the '347 Patent. For example, Defendant advertises the use of Facebook as a video streaming platform. *See* Ex. 3 (https://www.facebook.com/help/1468879913412530/?helpref=related_articles, "Watch live videos on Facebook"); Ex. 4 (https://www.facebook.com/help/401287967326510?helpref=popular_articles, "Watching Shows and Videos"). Further, Defendant provides Facebook users with instructions and user guides detailing how to setup, configure, and use the Accused Products and Services to utilize the infringing functionality. *See* Ex. 5

1  (https://www.facebook.com/help/569371393126980/, "Post or edit a video on your
2  Facebook Page"); Ex. 6 (https://www.facebook.com/help/587160588142067/, "Go
3  live on Facebook using streaming software"). Defendant provides these instructions,
4  and other materials, knowing and intending (or with willful blindness to the fact) that
5  Facebook users will commit these infringing acts. Defendant also continues to make,
6  use, offer for sale, sell, and/or import the Accused Products and Services, despite its
7  knowledge of the '347 Patent, thereby specifically intending for and inducing
8  Facebook users to infringe the '347 Patent through the users' normal and customary
9  use of the Accused Products and Services.

10        13.    Defendant has also knowingly contributed to the infringement, and
11  continues to do so, of one or more claims of the '347 Patent in violation of 35 U.S.C.
12  § 271(c) by selling, offering for sale, or importing into the United States, the Accused
13  Products and Services, knowing that the Accused Products and Services constitute a
14  material part of the inventions claimed in the '347 Patent, are especially made or
15  adapted to infringe the '347 Patent, and are not staple articles or commodities of
16  commerce suitable for non-infringing use. At least as of the filing and service of this
17  Complaint, Defendant has knowledge of the '347 Patent and the infringing nature of
18  the Accused Products and Services through, for example, the '347 Patent claim charts
19  served herewith. For example, the accused traffic monitoring features constitute a
20  material part of the inventions claimed in the '347 Patent, are especially made or
21  adapted to infringe the '347 Patent, and are not staple articles or commodities of
22  commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit
23  2. At present, Plaintiff does not allege that Defendant contributed to infringement of
24  the '347 Patent in violation of 35 U.S.C. § 271(c) prior to the filing and service of this
25  Complaint.

26        14.    On information and belief, Plaintiff (including its predecessors and any
27  licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims
28  of the '347 Patent during the relevant time period because Plaintiff, any predecessor

assignees to the '347 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '347 Patent during the relevant time period or were not required to mark during the relevant time period.

15. As a result of Defendant's direct infringement of the '347 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

16. As a result of Defendant's indirect infringement of the '347 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, accruing as of the time Defendant obtained knowledge of the '347 Patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,800,633

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,800,633, titled "Just-in-time distributed video cache." The '633 Patent was duly and legally issued by the United States Patent and Trademark Office on October 24, 2017. The '633 Patent is valid and enforceable. A true and correct copy of the '633 Patent is attached hereto as Exhibit 7.

19. Upon information and belief, Defendant has directly infringed and continues to directly infringe under 35 U.S.C. §§ 271 (a), literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 9,800,633, including at least claim 1, by performing each step of the claimed method and/or by directing

or controlling the performance of such steps by third parties. Defendant offers, provides, maintains, operates, and administers selective traffic monitoring services, including without limitation through Facebook, in a service provider network that performs the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendant has injured Plaintiff and is liable for infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

20. The Accused Products and Services satisfy all claim limitations of one or more claims of the '633 Patent. A claim chart comparing exemplary independent claim 1 of the '633 Patent to representative Accused Products and Services is attached as Exhibit 8.

21. Defendant knowingly and intentionally induced infringement, and continues to do so, of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '633 Patent and intent that such infringement occur. At least as of the filing and service of this Complaint, Defendant has knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim charts served herewith. At present, Plaintiff does not allege that Defendant induced infringement of the '633 Patent in violation of 35 U.S.C. § 271(b) prior to the filing and service of this Complaint.

22. Despite this knowledge of the '633 Patent, Defendant continues actively encouraging and instructing its customers and end users (for example, through online instruction materials on its website and materials cited in Exhibit 8) to use the Accused Products and Services in ways that directly infringe the '633 Patent. For

or controlling the performance of such steps by third parties. Defendant offers, provides, maintains, operates, and administers selective traffic monitoring services, including without limitation through Facebook, in a service provider network that performs the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendant has injured Plaintiff and is liable for infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a).

20. The Accused Products and Services satisfy all claim limitations of one or more claims of the '633 Patent. A claim chart comparing exemplary independent claim 1 of the '633 Patent to representative Accused Products and Services is attached as Exhibit 8.

21. Defendant knowingly and intentionally induced infringement, and continues to do so, of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '633 Patent and intent that such infringement occur. At least as of the filing and service of this Complaint, Defendant has knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim charts served herewith. At present, Plaintiff does not allege that Defendant induced infringement of the '633 Patent in violation of 35 U.S.C. § 271(b) prior to the filing and service of this Complaint.

22. Despite this knowledge of the '633 Patent, Defendant continues actively encouraging and instructing its customers and end users (for example, through online instruction materials on its website and materials cited in Exhibit 8) to use the Accused Products and Services in ways that directly infringe the '633 Patent. For

example, Defendant advertises the use of Facebook as a video streaming platform. *See* Ex. 3 (https://www.facebook.com/help/1468879913412530/?helpref=related_articles, "Watch live videos on Facebook"); Ex. 4 (https://www.facebook.com/help/401287967326510?helpref=popular_articles, "Watching Shows and Videos"). Further, Defendant provides Facebook users with instructions and user guides detailing how to setup, configure, and use the Accused Products and Services to utilize the infringing functionality. *See* Ex. 5 (https://www.facebook.com/help/569371393126980/, "Post or edit a video on your Facebook Page"); Ex. 6 (https://www.facebook.com/help/587160588142067/, "Go live on Facebook using streaming software"). Defendant provides these instructions, and other materials, knowing and intending (or with willful blindness to the fact) that Facebook users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite its knowledge of the '633 Patent, thereby specifically intending for and inducing Facebook users to infringe the '633 Patent through the users' normal and customary use of the Accused Products and Services.

23. Defendant has also knowingly contributed to the infringement, and continues to do so, of one or more claims of the '633 Patent in violation of 35 U.S.C. § 271(c) by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this Complaint, Defendant has knowledge of the '633 Patent and the infringing nature of the Accused Products and Services through, for example, the '633 Patent claim charts served herewith. For example, the accused video streaming features constitute a material part of the inventions claimed in the '633 Patent, are especially made or adapted to infringe the '633 Patent, and are not staple articles or commodities of

commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 8. At present, Plaintiff does not allege that Defendant contributed to infringement of the '633 Patent in violation of 35 U.S.C. § 271(c) prior to the filing and service of this Complaint.

24. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '633 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '633 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '633 Patent during the relevant time period or were not required to mark during the relevant time period.

25. As a result of Defendant's direct infringement of the '633 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

26. As a result of Defendant's indirect infringement of the '633 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, accruing as of the time Defendant obtained knowledge of the '633 Patent.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,484,442

27. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,484,442, titled "Just-in-time distributed video cache." The '442 Patent was duly

and legally issued by the United States Patent and Trademark Office on November 19, 2019. The '442 Patent is valid and enforceable. A true and correct copy of the '442 Patent is attached hereto as Exhibit 9.

29. Upon information and belief, Defendant has directly infringed and continues to directly infringe under 35 U.S.C. §§ 271 (a), literally and/or under the doctrine of equivalents, one or more claims of U.S. Patent No. 10,484,442, including at least claim 1, by performing each step of the claimed method and/or by directing or controlling the performance of such steps by third parties. Defendant offers, provides, maintains, operates, and administers selective traffic monitoring services, including without limitation through Facebook, in a service provider network that performs the steps of the claimed method either directly through its own actions, through the operation of equipment under its control, or through customers acting under conditions established and orchestrated by Defendant (the "Accused Products and Services"). By making, using, offering for sale, selling and/or importing into the United States the Accused Products and Services, Defendant has injured Plaintiff and is liable for infringement of the '442 Patent pursuant to 35 U.S.C. § 271(a).

30. The Accused Products and Services satisfy all claim limitations of one or more claims of the '442 Patent. A claim chart comparing exemplary independent claim 1 of the '442 Patent to representative Accused Products and Services is attached as Exhibit 10.

31. Defendant knowingly and intentionally induced infringement, and continues to do so, of one or more claims of the '442 Patent in violation of 35 U.S.C. § 271(b) by encouraging, instructing, or otherwise facilitating customers and end users to use the Accused Products and Services, in a manner that directly infringes the claimed method, literally and/or under the doctrine of equivalents, with knowledge of the '442 Patent and intent that such infringement occur. At least as of the filing and service of this Complaint, Defendant has knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442

1  Patent claim charts served herewith. At present, Plaintiff does not allege that
2  Defendant induced infringement of the '442 Patent in violation of 35 U.S.C. § 271(b)
3  prior to the filing and service of this Complaint.

4      32. Despite this knowledge of the '442 Patent, Defendant continues actively encouraging and instructing its customers and end users (for example, through online instruction materials on its website and materials cited in Exhibit 10) to use the Accused Products and Services in ways that directly infringe the '442 Patent. For example, Defendant advertises the use of Facebook as a video streaming platform. *See* Ex. 3 (https://www.facebook.com/help/1468879913412530/?helpref=related_articles, "Watch live videos on Facebook"); Ex. 4 (https://www.facebook.com/help/401287967326510?helpref=popular_articles, "Watching Shows and Videos"). Further, Defendant provides Facebook users with instructions and user guides detailing how to setup, configure, and use the Accused Products and Services to utilize the infringing functionality. *See* Ex. 5 (https://www.facebook.com/help/569371393126980/, "Post or edit a video on your Facebook Page"); Ex. 6 (https://www.facebook.com/help/587160588142067/, "Go live on Facebook using streaming software"). Defendant provides these instructions, and other materials, knowing and intending (or with willful blindness to the fact) that Facebook users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products and Services, despite its knowledge of the '442 Patent, thereby specifically intending for and inducing Facebook users to infringe the '442 Patent through the users' normal and customary use of the Accused Products and Services.

    33. Defendant has also knowingly contributed to the infringement, and continues to do so, of one or more claims of the '442 Patent in violation of 35 U.S.C. § 271(c) by selling, offering for sale, or importing into the United States, the Accused Products and Services, knowing that the Accused Products and Services constitute a material part of the inventions claimed in the '442 Patent, are especially made or

adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. At least as of the filing and service of this Complaint, Defendant has knowledge of the '442 Patent and the infringing nature of the Accused Products and Services through, for example, the '442 Patent claim charts served herewith. For example, the accused video streaming features constitute a material part of the inventions claimed in the '442 Patent, are especially made or adapted to infringe the '442 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence in Exhibit 10. At present, Plaintiff does not allege that Defendant contributed to infringement of the '442 Patent in violation of 35 U.S.C. § 271(c) prior to the filing and service of this Complaint.

34. On information and belief, Plaintiff (including its predecessors and any licensees) complied with 35 U.S.C. § 287 with respect to the asserted system claims of the '442 Patent during the relevant time period because Plaintiff, any predecessor assignees to the '442 Patent, and any licensees did not make, offer for sale, or sell products that practice(d) the '442 Patent during the relevant time period or were not required to mark during the relevant time period,

35. As a result of Defendant's direct infringement of the '442 Patent, Plaintiff is entitled to monetary damages (past, present, and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

36. As a result of Defendant's indirect infringement of the '442 Patent, Plaintiff is entitled to monetary damages (present and future) in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, accruing as of the time Defendant obtained knowledge of the '442 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Meta has infringed, either literally and/or under the doctrine of equivalents, the '347, '633, and '442 Patents under 35 U.S.C. §§ 271(a), (b) and (c);

b. A judgment and order requiring Meta to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Meta's infringement of the '347, '633, and '442 Patents;

c. A judgment and order requiring Meta to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Meta; and

e. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: October 16, 2025

*/s/ Scott E. Kolassa*
Scott E. Kolassa (CA SBN 294732)
skolassa@bclgpc.com
Brett E. Cooper (*pro hac vice* pending)
bcooper@bclgpc.com
Seth Hasenour (*pro hac vice* pending)
shasenour@bclgpc.com
Jonathan Yim (*pro hac vice* pending)
jyim@bclgpc.com
Drew B. Hollander (*pro hac vice* pending)
dhollander@bclgpc.com
John F. Petrsoric (*pro hac vice* pending)
jpetrsoric@bclgpc.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: 212-951-0100

***Attorneys for Tir Technologies Limited***