# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TIR TECHNOLOGIES LIMITED,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 8:25-cv-2345-SVW-ADS

**STIPULATED PROTECTIVE ORDER**

United States District Court
Central District of California

## I. PURPOSES AND LIMITATIONS

A. Discovery in this action is likely to involve production of sensitive confidential, proprietary, trade secret and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

A. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of

- 1 -

United States District Court
Central District of California

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief there is good cause why it should not be part of the public record of this case.

B.     Unrestricted or unprotected disclosure of such confidential technical, commercial, or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

## III.   DEFINITIONS

A.     Action:  *Tir Techs. Ltd. v. Meta Platforms, Inc.*, No. 8:25-cv-02345-SVW-ADS (C.D. Cal. 2025)

B.     Challenging Party:  A Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Order.

C.     Competitor: The term "competitor" will have its ordinary meaning, which solely for purposes of this case, based on the allegations in this case, includes, for example, Google, Apple, YouTube, Tencent, Snap, Twitter, ByteDance, Microsoft, and Amazon. Meta has the right to update and amend this list by notifying the Parties in writing of additional competitors for purposes of this case.

D.   "CONFIDENTIAL" Protected Material:  Protected Material (regardless of how it is generated, stored or maintained) is material that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party. This includes but is not limited to the following categories of information: competitively sensitive business information, personal health information, personally identifiable information (e.g., information that would be subject to redaction under Federal Rules of Civil Procedure 5.2 as well as any information that would be harmful to an individual should the information be made public), or any information from or about an individual consumer.

E.   Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

F.   Designating Party:  A Party or Non-Party that designates, or has a reasonable expectation of the right to designate, Protected Material that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

G.   Disclosure or Discovery Material:  All information and tangible things, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.   Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee or contractor of a Party, (3) is not a current employee or contractor of a Party's competitor, and (4) at the time of retention, is not anticipated to become an employee or contractor of a Party or of a Party's competitor.

- 3 -

I.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material:  "Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

J.      "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material: "Protected Material" representing or consisting of Source Code as defined in section III(S).

K.      In-House Counsel: Attorneys who are employees, including contractors, of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

L.      Non-Party:  Any natural person, partnership, corporation, association, or other legal or governmental entity not named as a Party to this action.

M.      Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

N.      Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

O.      Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

P.      Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

Q. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

R. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

S. <u>Source Code</u>: Computer code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

## IV.   SCOPE

A. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), including any Protected Material produced in this matter prior to the entry of this Order, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, another Court's Order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party. Notwithstanding the foregoing, when the accuracy of information in the public domain can only be confirmed by reviewing Protected Material, then such public domain information will be treated as Protected Material. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not

United States District Court
Central District of California

"public domain" information. Such information is included in the definition of "Protected Material" set forth in Section III(Q) above.

B. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V. DURATION

A. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

A. Exercise of Restraint and Care in Designating Material for Protection

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

United States District Court
Central District of California

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the designation.

B. Manner and Timing of Designations

1. Except as otherwise provided in this Order (*see, e.g.,* Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

a. For Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

b. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the

- 7 -

United States District Court
Central District of California

designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      c.     For testimony given in depositions, or other pretrial hearings, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition. Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding will include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any

way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. During the 21-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to the first paragraph of Section VI above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

      d.    For information produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      e.    If a Party obtains or possesses any documents or information of another Party that it knows or has reason to believe were taken or leaked without permission, prior to any access, disclosure or use of such documents or information, the obtaining Party must provide the other Party with an opportunity for review of the material for determination of confidentiality and designation under this Protective

United States District Court
Central District of California

Order as well as any applicable privileges or protections from discovery. Upon such review, if the Designating Party designates all or any portion of the material as Protected Material, Section VI(C) Failure to Designate will apply to govern Protected Material. To the extent the Designating Party determines that all or any portion of the material is privileged and/or protected from disclosure, the ESI Stipulation entered in this Action will govern such privileged or protected material. The Parties will follow all requirements as set forth in the ESI Stipulation to provide replacement documents and destroy the originals.

C.    Failure to Designate

1.    If timely corrected, a failure to designate qualified Disclosure or Discovery Material, whether inadvertent or otherwise, does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, which may require a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation. Within a reasonable time after the correction of a designation, a Receiving Party must provide notice to the Designating Party of all persons who received access to the Protected Material who are no longer authorized to have access under the new designation.

2.    In the event that a Producing Party fails to designate Protected Material, the Producing Party shall give written notice of such production (the "Re-Designation Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of a Re-Designation Production Notice and properly labeled Protected Material, the Receiving Party shall promptly

- 10 -

destroy the original produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party.  Should the Receiving Party choose to destroy the original produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within 14 calendar days of receipt of the Re-Designation Production Notice and properly labeled Protected Material.  This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed in the ESI Stipulation entered in this Action.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.   Timing of Challenges

1.   Any party or Non-Party may challenge a designation or non-designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### B.   Meet and Confer

1.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

- 11 -

United States District Court
Central District of California

continue to afford the material in question the level of protection to which it is

entitled under the Producing Party's designation until the Court rules on the

challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

A.    Basic Principles

1.    A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action and

associated appeals.  Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order.  When

the Action has been terminated, a Receiving Party must comply with the

provisions of Section XIV below.

2.    Protected Material must be stored and maintained by a Receiving

Party at a location and in a secure manner that ensures that access is limited to

the persons authorized under this Order.

B.    Disclosure of "CONFIDENTIAL" Protected Material

1.    Unless otherwise ordered by the Court or permitted in writing by

the Designating Party, a Receiving Party may disclose any information or

item designated "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" only to:

a.    The Receiving Party's Outside Counsel of Record in this

Action, as well as employees of said Outside Counsel of Record to

whom it is reasonably necessary to disclose the information for this

Action;

b.    The officers, directors, and employees (including In-

House Counsel) of the Receiving Party to whom disclosure is

reasonably necessary for this Action;

- 12 -

United States District Court
Central District of California

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary: (i) with the consent of the Designating party or as ordered by the Court; and (ii) who have signed the "Acknowledgment and Agreement to Be Bound," (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

D.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or

- 13 -

United States District Court
Central District of California

Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    1.    the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    2.    Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6(a), below, have been followed;

    3.    the Court and its personnel;

    4.    court reporters and their staff;

    5.    professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    6.    the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

    7.    any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

E.    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

- 14 -

1. The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

2. Up to three Experts1 (as defined by this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph VIII(E)(1), below, have been followed;

3. The Court and its personnel;

4. Court reporters and their staff;

5. Professional jury or trial consultants (but not mock jurors) who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6. The author or recipient of a document containing the Protected Material or a custodian who otherwise possessed or knew the Protected Material; and

7. Any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

F. Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material to Experts.

---

[1] For the purposes of this paragraph, an expert is defined to include the expert's direct reports and other support personnel, such that the disclosure to an expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single expert.

- 15 -

United States District Court
Central District of California

1. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Protected Material, must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done, (6) identifies (by name and number of the case  and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  With regard to the information sought through part (5) of such an Expert disclosure, if the Expert believes any of the information to be disclosed is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert must be available to meet and confer with the Designating Party regarding any such engagement.

- 16 -

United States District Court
Central District of California

2.    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 10 calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

3.    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 calendar days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file joint stipulation pursuant to L. R. 37-2.  In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

G.    Data Security of Protected Material

1.    Any Receiving Party or any person in possession of or transmitting another Party's Protected Material must exercise reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

2.    Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order.  The Receiving Party will

- 17 -

take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

3.     If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident.  In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

4.     The Receiving Party shall not load, import, submit, or otherwise transfer Protected Material produced by the Producing Party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, nor may the Receiving Party utilize any closed LLM or AI platforms where the Producing Party's Protected Material may be used  to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Order. Before the Receiving Party transfers any of the Producing party's Protected Material to a closed LLM or AI platform, the Receiving Party shall make

- 18 -

reasonably sure that it can delete all such Protected Material from the platform at the final disposition of this action, as defined in Section V, above. The Receiving Party will be responsible for destroying such produced information from such tools at the end of the Matter.

## IX.    PROSECUTION BAR

A.    Absent written consent from the Designating Party, any individual bound by this agreement who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material must not be involved in the prosecution of patents or patent applications relating to the subject matter of the patent-in-suit as well as the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material to which access is received, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, post grant review, covered business method patent review, or inter partes review).  This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material is first received by the individual and ends two (2) years after the Duration of this action has expired.

- 19 -

## X.   DISCLOSURE AND INSPECTION OF SOURCE CODE

A.   To the extent production or disclosure of Source Code is requested in this case, a Producing Party may permit inspection of Source Code in a manner that maintains security and confidentiality of the requested Source Code.  Any Source Code that is offered for inspection must be given all protections of "HIGHLY CONFIDENTIAL – SOURCE CODE" and only individuals to whom "HIGHLY CONFIDENTIAL – SOURCE CODE" may be disclosed, as set forth in Paragraphs VIII(D) and VIII(E) may inspect the Source Code.

B.   Any Source Code to be produced or disclosed in discovery will be made available for inspection upon reasonable notice to the Producing Party, which must not be less than five (5) business days in advance of the requested inspection. A secured computer containing the Source Code in a format allowing it to be reasonably reviewed and searched ("Source Code Computer"), will be made available during normal business hours (9:00 am to 5:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel selected by the Producing Party or another mutually agreed upon location.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  All persons entering the inspection room where the Source Code is being viewed shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart.

C.   The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial.  The Producing Party shall provide three copies of all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE

United States District Court
Central District of California

CODE. Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code as review of Source Code is only permitted electronically as set forth in paragraph (B) above. In no case will the Receiving Party receive more than 20 consecutive pages or an aggregate of more than 300 pages of Source Code during the duration of the case without prior written approval of the Producing Party. Within five (5) business days of such request, the Producing Party shall provide one copy of all such Source Code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." If the request is served after 5:00pm Pacific Time, it will be deemed served the following business day. The Requesting Party may challenge the amount of Source Code to be provided in hard copy form pursuant to the dispute resolution procedure set forth in Section VII.

D.      The Receiving Party shall maintain a log of all paper copies of the Source Code. The log must include the names of all reviewers and recipients of paper copies and locations where each paper copy is stored. Upon one (1) day's advance written notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in accordance with Section X(H) below. The Receiving Party is prohibited from creating any electronic or other images or making electronic copies of the Source Code from any paper copy of the Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code) and must not convert any of the Protected Material contained in the paper copies into any electronic format. Images or copies of Source Code must not be included in correspondence between the Parties (references to production numbers must be used instead) and must be omitted from pleadings and other papers. The Receiving Party may only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other

United States District Court
Central District of California

papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for trial. The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (C) in the first instance. To the extent a deposition is likely to involve Source Code, the Party taking the deposition, shall provide at least seven (7) calendar days written notice of that fact, and the Producing Party will make a Source Code Computer available at the deposition, minimizing the need for additional paper copies of Source Code. The Producing Party is not required to create a new Source Code Computer for the purpose of depositions. Any paper copies used during a deposition will be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

E.    The Producing Party shall install tools that are sufficient for viewing the Source Code produced for inspection on the Source Code Computer. The Parties shall meet and confer regarding any additional tools that the Receiving Party requests be added.

F.    The use or possession of any electronic input/output device, or any device that can access the Internet or any other network or external system (other than Source Code Computer) including, without limitation, USB memory stick, mobile phone, smart phone, tablet, computer, smart watches, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, camera or any camera-enabled device, CD, DVD, floppy disk, portable hard drive, laptop, or device of any kind, is prohibited from the Source Code review room. The Producing Party will provide a separate breakout room in which the Receiving Party's Outside Counsel and/or experts/consultants may use any personal electronic devices.

G.    The Receiving Party's Outside Counsel and/or experts/consultants will be entitled to take hand-written or electronic notes relating to the Source Code on a computer provided by the Producing Party and secure the file with encryption, but

United States District Court
Central District of California

- 22 -

may not copy any portion of the Source Code into the notes with the exception of directory paths, file paths, names and line numbers to identify the requested potions for printing to the Producing Party, and may not take such notes electronically on the Source Code Computer itself. The Producing Party shall, upon request, provide printouts of the electronic notes at the end of each source code inspection day. Any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE." Printouts of the electronic notes do not count towards the limits set forth in paragraph (C) above.

H.     The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code and any notes taken during the inspection of the Source Code that reveal the substance or content of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

## XI.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material, or any other legally enforceable request requiring the disclosure of Protected Material, that Party must:

1.     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or request for information;

2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

United States District Court
Central District of California

- 23 -

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the subpoenaed Protective Material.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.  Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protective Order provides against disclosure in any other litigation.

C.      The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

## XII.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.      Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

B.      The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

C.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information or Protected Material in its

- 24 -

United States District Court
Central District of California

possession, custody, or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested.; and

      3.    Make the information requested available for inspection by the Non-Party, if requested.

D.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession, custody or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the

United States District Court
Central District of California

"Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XIV. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.    The Parties and Court have entered a separate Stipulated ESI Order that governs the production of documents protected from discovery.

## XV. MISCELLANEOUS

A.    Right to Further Relief

1.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.    Right to Assert Other Objections

1.    By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.    Filing Protected Material

1.    A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

D.    Export Control

1.    The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or

- 26 -

elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

2.     No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

E.     Privilege Logs

1.     The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs is memorialized in a separate ESI Order.

2.     The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

3.     Nothing in this section shall preclude or impair any and all protections provided by any Protective Order or ESI Protocol agreed and entered into by the Parties.

## XVI. FINAL DISPOSITION

A.     After the final disposition of this Action, as defined in Section V, within sixty (60) calendar days each Receiving Party must return all Protected Material to the Producing Party or destroy such material except where such material exists on backup tapes or other disaster recovery systems that are routinely deleted or overwritten over in accordance with an established routine system maintenance

- 27 -

United States District Court
Central District of California

practice. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

## XVII. OTHER PROCEEDINGS

A.     By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's Protected Material shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated:____June 8, 2026_____        ____/s/ Autumn D. Spaeth_____
                                      HONORABLE AUTUMN D. SPAETH
                                      United States Magistrate Judge

United States District Court
Central District of California

- 29 -

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issue by the United States District Court for the Central District of California on [DATE] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the Court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

- 30 -